IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

LESLIE TED DOOLEY, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO.: CV209-159
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
Defendant. )

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. A review of Plaintiff's Objections indicates that he wishes for this Court to reweigh the evidence presented to the Administrative Law Judge ("ALJ"). However, and as the Magistrate Judge noted, this Court's role is to ensure that the ALJ's determination is supported by substantial evidence and the appropriate legal standards. The ALJ's determination, which became the final decision of the Commissioner for the Social Security Administration, is so supported. Accordingly, Plaintiff's Objections are without merit and are **overruled**.

Additionally, Plaintiff states in his Objections for the first time before this Court that he received inadequate legal representation during the administrative process and that the ALJ was biased against him. Despite Plaintiff's status as a *pro se* litigant, the Court will not consider his newly-asserted contentions. Williams v. McNeil, 557 F.3d

1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). Further, Plaintiff was required to raise his bias contention during the administrative process and failed to do so. 20 C.F.R. § 404.940.[1] This failure renders his contentions waived. Ward v. Shalala, 898 F.Supp. 261, 269 (D. Del. 1995) (citing Hummel v. Heckler, 736 F.2d 91, 94 (3d Cir. 1984)).

The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 17 day of February, 2011.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "An administrative law judge shall not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision. If you object to the administrative law judge who will conduct the hearing, you must notify the administrative law judge at your earliest opportunity. The administrative law judge shall consider your objections and shall decide whether to proceed with the hearing or withdraw. If he or she withdraws, the Associate Commissioner for Hearings and Appeals, or his or her delegate, will appoint another administrative law judge to conduct the hearing. If the administrative law judge does not withdraw, you may, after the hearing, present your objections to the Appeals Council as reasons why the hearing decision should be revised or a new hearing held before another administrative law judge." 20 C.F.R. § 404.940.

AO 72A
(Rev. 8/82)